UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BEVAN WALKER, PAMELLA M. WALKER,

                Plaintiffs,                        **MEMORANDUM AND ORDER**
                                                        17-CV-4829(PKC)(SMG)

              - against-

FLAGSTAR BANCORP, INC. HOLDING
COMPANY FOR FLAGSTAR BANK,

                Defendant.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Plaintiffs Bevan Walker and Pamella M. Walker, proceeding *pro se*, bring this action alleging violations of the Truth in Lending Act ("TILA"), pursuant to 15 U.S.C. § 1601 *et seq*. For the reasons stated herein, Defendant's motion to dismiss is granted.

## BACKGROUND

On January 22, 2009, Plaintiffs borrowed $548,576 as a mortgage loan from non-party ICC Mortgage Services, Inc. (State Court Complaint ("State Compl."), Dkt. 9-2, at ¶¶ 4-6.) Plaintiffs defaulted on the mortgage loan in 2010 and the account was referred to foreclosure in 2011. (*Id.* at ¶¶ 9-12, 17.) On April 8, 2011, Defendant Flagstar Bank commenced a foreclosure action in New York Supreme Court, Kings County, Index No. 8230/11. (*See generally* Dkt. 9-2.) On April 19, 2011, Plaintiffs filed a "Verified Answer and Counterclaims", asserting, *inter alia*, that the mortgage loan payment amount the borrowers were expected to pay was not properly disclosed at the loan's origination. (Dkt. 9-5, at 5, 15.)[1] On March 9, 2017, the state court in the foreclosure action granted summary judgment to Flagstar. (Dkt. 9-6.)

---

[1] All page numbers refer to the pagination generated by the CM/ECF system and not the document's internal pagination.

Plaintiffs allege that on or about July 5, 2017, they "became aware of fraudulent disclosures regarding their mortgage loan" and "sent Defendant a 'Notice Demand to Rescind and Cancel Mortgage Loan' for fraudulent disclosures." (Federal Complaint ("Fed. Compl."), Dkt. 1, ¶¶ 10-11.) Defendant acknowledged receipt of the letter on July 18, 2017. (*Id.* at ¶ 12.) On August 17, 2017, Plaintiffs filed their federal complaint in the instant action. (Dkt. 1.) Construed liberally, Plaintiffs allege the TILA-mandated disclosures were deficient because: (1) there was a lack of disclosure because "the actual lender was not known or identified"; (2) the right to rescind was "inside other disclosure statements and went unsigned"; (3) "interest disclosures" were "grouped together with other information within the documents"; (4) statements required by 15 U.S.C. § 1639(a) were missing; and (5) statements required by 15 U.S.C. § 1638(a) were missing. (*Id.* at 15-17.) Plaintiffs seek declaratory relief, injunctive relief, and monetary damages. (*Id.* at 8-9.) On September 28, 2017, Defendant filed its motion to dismiss. (Dkt. 9.) On January 3, 2018,[2] a state court judgment was entered against Plaintiffs in a mortgage foreclosure action, *Flagstar Bank, FSB v. Bevan Walker, et al.*, Index No. 8230/11 (N.Y. Sup. Ct. Kings Cty.), in the amount of $798,420.45. (*See Walker v. Flagstar Bancorp*, 18-CV-1607, Dkt. 1, at 1, 3-4, 12-14.)[3]

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] Rule 12(b)(1) when the district court lacks the statutory or constitutional power

---

[2] The Court notes that, according to Defendant, the state court judgment was entered on March 2, 2018. (*Walker v. Flagstar Bancorp*, 18-CV-1607, Dkt. 9, at 2.) The difference in dates does not affect the Court's decision in this matter.

[3] The Court notes that Plaintiffs are currently suing Defendant in a separate action before this Court, *Walker v. Flagstar Bancorp, Inc.*, 18-CV-1607, to vacate the state court judgment entered against them in connection with the same mortgage foreclosure action. In an order dated April 16, 2018, the Court *sua sponte* dismissed Plaintiffs' complaint in that matter.

to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A motion to dismiss based on the abstention doctrine is also considered as a motion made pursuant to 12(b)(1)." *City of New York v. Milhelm Attea & Bros., Inc.*, 550 F.Supp.2d 332, 341-42 (E.D.N.Y. 2008). The standard for reviewing a 12(b)(1) motion to dismiss "is essentially identical to the 12(b)(6) standard," *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 286 (E.D.N.Y. 2013), except that "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists," *Makarova*, 201 F.3d at 113. In adjudicating a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the court may consider matters outside the pleadings. *Makarova*, 201 F.3d at 113.

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted); *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

## DISCUSSION

### A. Injunctive and Declaratory Relief

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must abstain from hearing matters "where federal review would disrupt state proceedings that: (1) are pending;[4] (2) implicate important state interests; and (3) provide the plaintiffs an adequate opportunity to litigate federal claims." *Fraser v. Aames Funding Corp.*, No. 16-CV-448 (AMD)(LB), 2017 WL 564727, at *3 (E.D.N.Y. Jan. 24, 2017), *report and recommendation adopted sub nom. Fraser v. Deutsche Bank Nat'l Tr. Co.*, No. 16-CV-448 (AMD)(LB), 2017 WL 563972 (E.D.N.Y. Feb. 10, 2017); *see also Hansel v. Town Ct. for Town of Springfield,* 56 F.3d 391, 393 (2d Cir. 1995). In *Sprint Commc'ns, Inc. v. Jacobs*, the Supreme Court limited the scope of the *Younger* abstention doctrine to three classes of state court proceedings: (1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." 134 S. Ct. 584, 588, 591 (2013).

Courts have applied the *Younger* doctrine where "[p]laintiffs seek injunctive relief relating to the same property that is the subject matter of [an] underlying state court action[.]" *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210 (SJF), 2015 WL 5884797, at *4 (E.D.N.Y. Oct. 8, 2015); *see also Wenegieme v. US Bank National Assoc.*, No. 16-CV-2634 (AMD), 2016 WL 3348539, at *2 (E.D.N.Y. June 9, 2016) (finding *Younger* abstention doctrine applicable where plaintiff sought "injunctive relief relating to the same property that is the subject of [an] underlying

---

[4] Although judgment has been entered in the foreclosure action since Defendant filed its motion to dismiss, it is only relevant that the state court action was pending at the time the federal suit was filed for purposes of *Younger* abstention. *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 68 (2d Cir. 2003) ("[B]ecause state . . . proceedings were pending . . . at the time the federal suit was filed, this case raises the threshold question of whether the District Court should have abstained from exercising jurisdiction over the plaintiffs' suit in deference to the ongoing . . . [state] proceeding."); *see also Hansel*, 56 F.3d at 394.

4

state court action"); *Calizaire v. Mortg. Elec. Reg. Sys., Inc.,* No. 14-CV-1542 (CBA)(SMG), 2017 WL 895741, at *3 (E.D.N.Y. Mar. 6, 2017). Here, the subject matter in this action is the same property that is the subject of the foreclosure action in state court. Accordingly, "plaintiffs' claims for declaratory and injunctive relief are barred by the *Younger* abstention doctrine." *Fraser*, 2017 WL 564727, at *3-4; *see also Abbatiello*, 2015 WL 5884797, at *4 (collecting cases).

### B. Monetary Damages

Unlike claims for declaratory and injunctive relief, the Second Circuit has held that claims for monetary damages should not be dismissed under *Younger* abstention. *Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000); *Clark v. Bloomberg*, No. 10-CV-1263 (JG), 2010 WL 1438803, at *3 (E.D.N.Y. Apr. 12, 2010). However, Plaintiffs' claims for monetary damages are dismissed as time-barred.

First, Plaintiffs seek rescission of their mortgage loan under TILA. (Fed. Compl. ¶¶ 15-24.) TILA provides that a borrower whose loan is secured by her "principal dwelling" and who has not been provided the required disclosures has the right to rescind her loan. *Midouin v. Downey Sav. & Loan Ass'n, F.A.*, 834 F. Supp. 2d 95, 103 (E.D.N.Y. 2011); 15 U.S.C. § 1635(a). TILA generally grants certain borrowers a three-day right to rescind their loan transactions, 15 U.S.C. § 1635(a); however, if the creditor fails to deliver the required notice of the right to rescind or to provide the required material disclosures, the borrower's right to rescind the transaction extends to three years after the earlier of (i) the date of consummation of the transaction or (ii) the date the property is sold, 15 U.S.C. § 1635(f); *see also Reinhart v. Citimortgage, Inc.*, 677 F. App'x 17, 19 (2d Cir. 2017). Because Plaintiffs' mortgage loan closed in January 2009, any right to rescind it expired, at the latest, in January 2012. *See Beach v. Ocwen*, 118 S.Ct. 1408, 1411-12 (1998) ("[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year

period."); *Reinhart*, 677 F. App'x at 19 ("At the end of this three-year period[,] . . . the borrower's right to rescind it is completely extinguished." (citation and internal quotation marks omitted)). In their Complaint, Plaintiffs admit that they did not send a letter seeking rescission until July 5, 2017. (Fed. Compl. ¶¶ 10-11.) Therefore, Plaintiffs' rescission claim is dismissed as time-barred.

Second, Plaintiffs seek monetary damages based on Defendant's alleged failure to provide TILA-required disclosures. This claim is also time-barred as "[p]rivate actions for damages based on TILA violations are subject to a one-year statute of limitations." *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 285 (S.D.N.Y. 2011); *Johnson v. Scala,* No. 05-CV-5529 (LTS)(KNF), 2007 WL 2852758, at *3 (S.D.N.Y. Oct. 1, 2007); *see also* 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."). Thus, the applicable statute of limitations would have lapsed in January 2010, more than seven years before Plaintiffs filed the instant action.

In the alternative, Plaintiffs argue that their claims should be equitably tolled. (Fed. Compl. ¶¶ 6, 16.) "To warrant equitable tolling, Plaintiffs must plead that Defendants took some action to conceal the TILA violations during the one-year applicable statutory period following the consummation of the loan" on January 22, 2009. *Grimes*, 785 F. Supp. 2d at 287. In this case, Plaintiffs knew, at the latest, "of any alleged wrongdoing when defendant initiated the state foreclosure action" in April 2011, but still waited more than six years to file this action. *Fraser*, 2017 WL 564727, at *6; *see also Zap v. Fed. Home Loan Mortg. Corp.*, No. 15-CV-624 (MAD), 2016 WL 2992147, at *7 (N.D.N.Y. May 20, 2016) (denying equitable tolling where the complaint "[d]oes not indicate why, when faced with an impending foreclosure action, Plaintiff waited four years to investigate into the issues before her"). Furthermore, in TILA cases, "courts have held

6

uniformly that fraudulent conduct *beyond the nondisclosure itself* is necessary to equitably toll the running of the statute of limitations." *Deswal v. U.S. Nat'l Ass'n*, 13-CV-3354 (RJD)(MDG), 2014 WL 1932589, at *2 (E.D.N.Y. May 14, 2014) (emphasis in original), *aff'd*, 603 F. App'x 22 (2d Cir. 2015). Plaintiffs make no such allegations. Therefore, Plaintiffs have "fail[ed] to satisfy their pleading burden to allege efforts by defendant[], above and beyond the wrongdoing upon which plaintiffs' claim is founded, to prevent, by fraud or deception, plaintiffs from suing in time." *Coveal v. Consumer Home Mortg., Inc.*, No. 04-CV-4755 (ILG), 2005 WL 704835, at *5 (E.D.N.Y. Mar. 29, 2005) (alterations and internal quotation marks omitted); *see also Williams v. Aries Fin., LLC,* No. 09-CV-1816 (JG)(RML), 2009 WL 3851675, at *7 (E.D.N.Y. Nov. 18, 2009). Therefore, equitable tolling is denied, and Plaintiffs' claims are dismissed as time-barred.

## LEAVE TO AMEND

Generally, a *pro se* complaint should not be dismissed without the Court granting leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alterations and quotation marks omitted). However, as Plaintiffs' claims are statutorily time-barred, "amendment would . . . be[] futile" in this case. *Pugh-Perry v. N.Y.*, 402 F. App'x 588, 589 (2d Cir. 2010); *see also Charlot v. Ecolab, Inc*., 97 F. Supp. 3d 40, 68 (E.D.N.Y. 2015) ("Courts may deny a motion to amend where the proposed claims would be time-barred and therefore futile."). The Court, therefore, does not grant Plaintiffs leave to amend their complaint.

## CONCLUSION

For the reasons stated herein, the Complaint is dismissed. The Clerk of Court is respectfully requested to enter judgment and close the case accordingly.

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: April 16, 2018
　　　　Brooklyn, New York